UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

UNITED STATES OF AMERICA,

    Plaintiff,

v.

Case No. 15-20555
District Judge Victoria A. Roberts

MOHAMAD BAZZI,

    Defendant.
_____/

## ORDER DENYING DEFENDANT'S MOTION TO CORRECT ORDER OF RESTITUTION (Doc. #34)

### I. INTRODUCTION

Mohamad Bazzi ("Bazzi") pled guilty to one count of health care fraud and one count of money laundering in October 2015. As part of his plea agreement, Bazzi agreed to pay $3,493,088.28 in restitution to the United States Department of Health and Human Services; he agreed to the entry of a forfeiture money judgment in the same amount. Bazzi also forfeited two Comerica Bank checking accounts containing proceeds of his illegal activities. Finally, the government agreed to petition the Attorney General to apply Bazzi's forfeited property to his restitution obligation. On April 3, 2017, Bazzi was sentenced to 32 months' imprisonment and 24 months' supervised release and was ordered to pay the agreed upon restitution. The forfeiture money judgment was also entered.

On April 19, 2018, Bazzi filed this motion to correct the Court's order of restitution. Bazzi says the money he forfeited should have been deducted from his restitution obligation; he essentially argues that the restitution order and forfeiture

1

money judgment are the same thing. Bazzi's argument is based on a misunderstanding of the terms of his plea agreement. And, he is wrong.

## II. DISCUSSION

Forfeiture and restitution are separate remedies with different purposes. *See United States v. Pescatore*, 637 F.3d 128, 138 (6th Cir. 2011); *See also United States v. McGinty*, 610 F.3d 1242, 1247-48 (10th Cir. 2010) ("[P]aying restitution plus forfeiture at worst forces the offender to disgorge a total amount equal to twice the value of the proceeds of the crime. Given the many tangible and intangible costs of criminal activity, this is in no way disproportionate to the harm inflicted upon government and society by the offense."). Moreover, the Court does not have the discretion to reduce a restitution obligation because of forfeited property. "[T]he plain language of the [Mandatory Victims Restitution Act of 1996] did not grant the district court discretion to reduce the amount of restitution required to be ordered by an amount equal to the value of the property seized from [the defendant] and retained by the government in administrative forfeiture."). *Id.* at 1248. However, the United States Attorney's Office may petition the Attorney General to apply the value of forfeited property to a restitution obligation, "restoring" the victim. *See Pescatore*, supra, at 131. The final decision on restoration rests with the Department of Justice. *Id.*

## III. CONCLUSION

Bazzi is not entitled to have the value of his forfeited property applied to his restitution obligation. Bazzi must fulfill his obligations under both the restitution order and the forfeiture money judgment; he knowingly and voluntarily agreed to both, and the

two are separate and distinct. The United States Attorney's Office has petitioned for restoration, fulfilling its obligation under the plea agreement. As mentioned above, the final decision on restoration rests with the Attorney General.

Bazzi's motion is **DENIED**.

**IT IS ORDERED**.

s/ Victoria A. Roberts  
Victoria A. Roberts  
United States District Judge

Dated: October 31, 2018

---

The undersigned certifies that a copy of this document was served on the attorneys of record and Mohamad Bazzi by electronic means or U.S. Mail on November 1, 2018.

s/Linda Vertriest
Deputy Clerk